FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 10, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TONI MICHELE E.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 1:22-CV-03026-LRS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 10, 11. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney D. James Tree. Defendant is

---

[1] The court identifies a plaintiff in a social security case only by the first name and last initial in order to protect privacy. See LCivR 5.2(c).

ORDER - 1

represented by Special Assistant United States Attorney Lars J. Nelson. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 10, is granted and Defendant's Motion, ECF No. 11, is denied.

## JURISDICTION

Plaintiff Toni Michele E. (Plaintiff), filed for supplemental security income (SSI) on January 6, 2016, and alleged an onset date of March 3, 2015. Tr. 185-90. Benefits were denied initially, Tr. 105-08, and upon reconsideration, Tr. 114-24. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on September 14, 2017. Tr. 37-81. On June 4, 2018, the ALJ issued an unfavorable decision, Tr. 12-31, and on January 7, 2020, the Appeals Council denied review. Tr. 1-6. Plaintiff appealed to the United States District Court for the Eastern District of Washington, and on June 25, 2020, the Honorable Fred Van Sickle issued an order remanding the matter for further proceedings. Tr. 1202-18.

On December 15, 2021, Plaintiff appeared at a second hearing, Tr. 1123-64, and on December 27, 2021, the ALJ issued another unfavorable decision. Tr. 1087-1108. The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

ORDER - 2

1    Plaintiff was 44 years old at the time of the first hearing. Tr. 64. She went to
2    school through the eleventh grade. Tr. 65. She has work experience in marketing
3    and vending and as a dietary aide. Tr. 65-67. At the first hearing, Plaintiff testified
4    she works two days a week and does light housework the rest of the week. Tr. 47.
5    She testified that she is unable to work full-time because she has severe pain if she is
6    on her feet too long. Tr. 53. Her hands go numb if she uses them too much. Tr. 53.
7    She has debilitating headaches and cannot get out of bed some days due to headache
8    pain. Tr. 53. She had neck surgery in 2015 and 2016 which stabilized her neck but
9    she still has a lot of pain. Tr. 56. At the second hearing, Plaintiff testified that in
10   addition to her physical problems, she testified that she has depression, anger issues,
11   and PTSD. Tr. 1144.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must

ORDER - 3

consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering

ORDER - 4

his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

ORDER - 5

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 6, 2016, the application date. Tr. 1092. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease, migraine headaches, and obesity. Tr. 1092. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 1094.

The ALJ then found that Plaintiff has the residual functional capacity to perform light work with the following additional limitations:

> The claimant can occasionally lift and carry 20 pounds and frequently carry ten pounds. She can stand or walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday, with the usual breaks. The claimant can occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation and [must be] primarily in non-smoking environments and must avoid even moderate exposure to vibrations and hazards.

Tr. 1095.

ORDER - 7

At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 1099. At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as mail clerk, ticket taker, or office helper. Tr. 1100.

Thus, the ALJ found that Plaintiff has not been under a disability as defined in the Social Security Act since January 6, 2016, the date the application was filed. Tr. 1100.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying supplemental security income under Title XVI of the Social Security Act. ECF No. 10. Plaintiff raises the following issues for review:

1. Whether the ALJ properly declined to reopen her prior application;

2. Whether the ALJ properly considered the medical opinion evidence;

3. Whether the ALJ properly considered Plaintiff's mental impairments at step two; and

4. Whether the ALJ properly evaluated Plaintiff's symptom testimony.

ECF No. 10 at 2.

ORDER - 8

## DISCUSSION

**A.    Prior Claim**

Plaintiff contends the ALJ erred by failing to reopen her prior claim. ECF No. 10 at 20. Plaintiff filed a previous Title XVI application for SSI on April 2, 2015, which was denied on August 20, 2015. Tr. 15. The ALJ noted that counsel requested that the prior application be reopened, but the ALJ "does not find a basis for reopening the claimant's prior Title XVI application (20 CFR 416.1488)." Tr. 1090. The regulations provide that a decision "may be reopened" within 12 months of the date of the initial determination "for any reason." 20 C.F.R. § 416.1488. Plaintiff observes that her current application date of January 6, 2016, was within 12 months of the prior determination. ECF No. 10 at 21. Plaintiff argues that certain relevant evidence is excluded from the current claim if the prior claim is not reopened. ECF No. 10 at 21.

The ALJ's discretionary denial of Plaintiff's request to re-open her prior claim is beyond this Court's review. *See Taylor v. Heckler*, 756 F.2d 872, 877 (9th Cir. 1985); *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985); *see also* 20 C.F.R. § 416.1403(a)(5) (denial of request to re-open not subject to judicial review). The general rule is that the Secretary's decision not to reopen a claim for benefits is not a "final decision" within the meaning of § 405(g), and therefore courts lack jurisdiction to review a decision not to reopen. *Califano v. Sanders*, 430 U.S. 99, 109 (1977). There is a limited exception to the general rule when the claimant has

ORDER - 9

challenged the decision not to reopen on constitutional grounds, *id.*, which is not at issue here.  The Court does not have jurisdiction to review the ALJ's decision not to reopen Plaintiff's prior claim.

**B.     Medical Opinions**

Plaintiff contends the ALJ failed to properly consider the opinions of David W. Shoemaker, M.D., David Morgan, Ph.D., and Dyke Dickie, PT.  ECF No. 10 at 7-13.   There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).[2]

---

[2] For claims filed on or after March 27, 2017, the regulations changed the framework for evaluation of medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18,

ORDER - 10

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir 1995)).

    1.  David W. Shoemaker, M.D.

In August 2018, Plaintiff presented to Dr. Shoemaker, a treating physician, for low back pain which exacerbated after she tripped and fell. Tr. 1456. On exam, Plaintiff's straight leg raise was limited by pain, she had decreased pinprick, and she complained of numbness and tingling. Tr. 1457. Dr. Shoemaker repeated an epidural steroid injection and prescribed medication and physical therapy. Tr. 1457. He also assessed the following restriction: "[w]eight lifting, pushing and overhead

---

2017); 20 C.F.R. § 416.920c. Plaintiff's claim was filed in January 2016, so the previous method of evaluating medical opinions applies.

ORDER - 11

restrictions nothing more than 10 pounds." Tr. 1457. Dr. Shoemaker assessed the same or similar restrictions in November 2018, September 2019, and August 2020, and in November 2019 indicated that Plaintiff's lifting restriction was "nothing more than a gallon of milk." Tr. 1429.

The ALJ did not address the lifting, pushing, and overhead restrictions assessed by Dr. Shoemaker. Tr. 1096-99. The ALJ need not discuss all evidence presented but the ALJ must explain why significant probative evidence has been rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). For claims filed before March 27, 2017, like this one, medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of the claimant's impairments, including the claimant's symptoms, diagnosis and prognosis, what the claimant can do despite any impairment, and the claimant's physical or mental restrictions. 20 C.F.R. § 416.927(a)(1). Dr. Shoemaker's statements regarding lifting, pushing, and overhead limitations are opinions about Plaintiff's physical limitations and are thus relevant evidence which should be discussed by the ALJ. The ALJ's oversight of these opinion statements constitutes error.

Defendant argues that the ALJ's rejection of "disability ratings" based on the results of the Oswestry Disability index amounts to a rejection of Dr. Shoemaker's opinions. ECF No. 11 at 13. The Court is not persuaded. First, the ALJ did not cite to or reference any of the pages with Dr. Shoemaker's assessment of limitations in

his discussion of the rejected disability ratings.  Tr. 1099.  The ALJ cited Dr. Shoemaker's December 2015 and September 2020 office visit notes which indicated that Plaintiff had scores of 26 and 40, respectively, on Oswestry questionnaires. ECF No. 1099 (citing Ex. 3F p. 45/Tr. 384, 18F p. 8/Tr. 1412).  However, Dr. Shoemaker did not assess any lifting, pushing, or overhead restriction on those dates. Tr. 386, 1413.  The ALJ also cited the functional assessment of Dyke Dickie, PT, which was signed by Dr. Shoemaker to certify that physical therapy services were authorized, but also indicated findings of limitations in gait, mobility, and flexibility, and that Plaintiff was limited in any lifting, kneeling, squatting, bending, and twisting.  Tr. 1099 (citing Ex. 22F p. 70/Tr. 1579).  None of this evidence supports the conclusion that the ALJ explicitly or implicitly rejected Dr. Shoemaker's statements regarding Plaintiff's limitations.

      Second, while it is true that Dr. Shoemaker on occasion considered Plaintiff's self-report in the form of the results of the Oswestry questionnaire, it is not clear that Dr. Shoemaker relied only on the results of Oswestry questionnaire in making his assessments.  *See* Tr. 1432-33, 1453-54, 1456-57 (each referencing Oswestry results); *see also* Tr. 1416-18, 1429 (neither mentioning Oswestry results).  For example, as noted *supra*, in August 2018 Dr. Shoemaker's opinion also weighed exam findings and other information contained in the office visit notes.  Tr. 1432-33. Similarly, Mr. Dickie's assessment, which was signed by Dr. Shoemaker, includes objective findings and a functional assessment.  Tr. 1578-79.  The ALJ's failure to

ORDER - 13

address Dr. Shoemaker's various assessments was an error. The matter must be remanded for the ALJ to consider Dr. Shoemaker's opinions regarding Plaintiff's lifting, pushing, and overhead limitations.

*2. Dyke Dickie, PT*

For claims before March 27, 2017, the opinion of an acceptable medical source, such as a physician or psychologist, is given more weight than an opinion from a source who is not an acceptable medical source or who is a non-medical source. 20 C.F.R. § 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996); *see* 20 C.F.R. § 416.902 (acceptable medical sources include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, qualified speech-language pathologists, licensed audiologists, licensed advanced practice registered nurses, and licensed physician assistants). However, an ALJ is required to consider evidence from non-acceptable medical sources, such as physical therapists. 20 C.F.R. § 416.927(f). The ALJ must consider evidence from non-acceptable medical sources but may discount testimony from these sources if the ALJ "gives reasons germane to each witness for doing so." *Molina*, 674 F.3d at 1104.

Mr. Dickie's physical therapy treatment notes from 2016-17 and January 2021 contain various assessments of functional limitations such as limited in daily activities, overhead motions, behind the back motions, washing, and sometimes dressing; limited in upper extremity activities and needs to maintain light weight and

ORDER - 14

low stress activity; limited gait due to pain; limited in stairs due to recent falls; limited in overhead type motions, any heavy lifting or overuse activities; and limited gait, mobility, flexion, kneeling, squatting, bending, or twisting.  Tr. 1530, 1541, 1560, 1570, 1578.

The only record from Mr. Dickie addressed by the ALJ is a September 2017 initial evaluation and plan of care indicating the Plaintiff is "limited in overhead type motions, any heavy lifting or overuse activities."  Tr. 1098 (citing Tr. 1541[3]).  The ALJ rejected the September 2019 assessment as vague, lacking permanence, and "in the context of physical therapy that was intended to improve the claimant's functioning."  Tr. 1098.  The ALJ's oversight of the other limitations assessed by Mr. Dickie at different points in the record was erroneous and reflects a lack of consideration of the overall context regarding the physical therapy treatment record.  As a result, Mr. Dickie's assessments of limitations should also be reconsidered on remand.

*3.  David Morgan*, *Ph.D.*

In November 2020, Dr. Morgan completed a DSHS Psychological/Psychiatric Evaluation form and diagnosed depression and PTSD.  Tr. 1459-63.  He opined that

---

[3] Mr. Dickie's physical therapy note was co-signed by Beth McManis, ARNP, who certified that the rehabilitative services were required and authorized.  It does not appear that her signature represents the independent opinion of Ms. McManis.

Plaintiff has marked limitations in five functional areas: the ability to perform activities within a schedule, maintain attendance, and be punctual; the ability to adapt to changes in the work setting; the ability to communicate and perform effectively in a work setting; the ability to maintain appropriate behavior in a work setting; and the ability to complete a normal workday and work week without interruptions from psychological symptoms. Tr. 1461.

The ALJ gave little weight to Dr. Morgan's opinion. Tr. 1098. If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216. Dr. Morgan's opinion is the only psychological opinion in the record and is thus uncontradicted. The ALJ's reasons for rejecting the opinion must therefore be clear and convincing.

First, the ALJ found that Dr. Morgan's opinion is not supported by Dr. Morgan's findings and Dr. Morgan did not explain the basis for the limitations assessed. Tr. 1098. A medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray*, 554 F.3d at 1228; *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Dr. Morgan completed the "Clinical Findings" section of the form and indicated that Plaintiff's depression was of moderate severity and her PTSD was of moderate to marked severity on a daily basis based on various symptoms. Tr. 1461. The ALJ did not comment on this portion of the opinion which explains at least minimally the basis

ORDER - 16

for Dr. Morgan's findings. The ALJ dismissed some abnormal mental status exam findings as unsupportive of Dr. Morgan's opinion, but it is not clear what basis there is for doing so. It is improper for an ALJ to act as his own medical expert, substituting his opinion for the opinion of a medical doctor. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975); *see also Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (As a lay person, an ALJ is "not at liberty to ignore medical evidence or substitute his own views for uncontroverted medical opinion"; he is "simply not qualified to interpret raw medical data in functional terms."); *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir.1998) ("'[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.'" (citations omitted)). This is not a clear and convincing reason supported by substantial evidence.

Second, the ALJ found the limitations assessed by Dr. Morgan are inconsistent with the record as a whole. Tr. 1098. An ALJ may discredit medical opinions that are unsupported by the record as a whole or by objective medical findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ concluded that Plaintiff's "scant treatment history for mental health" contradicts these findings. However, "the fact that claimant may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [a psychologist's] assessment of claimant's condition is inaccurate." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). Further, the ALJ found Plaintiff "consistently presents

ORDER - 17

with normal mood and affect, intact memory, and cooperative and pleasant behavior," but it is unclear how five records from four office visits reflecting normal presentation over the course of six years of medical records demonstrates a consistent presentation. Tr. 1098 (citing Tr. 415, 1449, 1508, 1710, 1713-14). Plaintiff cites two pages of abnormal mental status findings and treatment for psychological symptoms which were not addressed by the ALJ. ECF No. 10 at 5-6. The ALJ's findings do not constitute a clear and convincing reason supported by substantial evidence.

      The ALJ had a heightened duty to provide clear and convincing reasons supported by substantial evidence to justify giving no weight to Dr. Morgan's uncontradicted medical opinion. The ALJ's discussion of the evidence and the reasons given for rejecting Dr. Morgan's opinion do not constitute clear and convincing reasons supported by substantial evidence. On remand, the ALJ should reconsider Dr. Morgan's opinion and the psychological record and ensure that substantial evidence supports the weight assigned to the opinion. It may be helpful to obtain a consultative or expert opinion regarding Plaintiff's mental health conditions.

C.    **Step Two – Mental Impairments**

      Plaintiff argues the ALJ erred by not finding her mental disorders to be severe impairments at step two. ECF No. 10 at 4. The step two finding is based on the same evaluation of the evidence the ALJ used to improperly reject Dr. Morgan's

ORDER - 18

opinion.  Tr. 1093, 1098.  Because Dr. Morgan's opinion and the psychological evidence must be considered, and because the ALJ may further develop the record by obtaining a consultative or expert psychological opinion, the step two finding must also be reconsidered on remand.

**D.    Symptom Testimony**

Plaintiff challenges the ALJ's consideration of Plaintiff's symptom claims. ECF No. 10 at 13-21.  The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  Tr. 1096.  The evaluation of a claimant's symptom statements relies, in part, on the assessment of the medical evidence.  *See* 20 C.F.R. § 416.929(c); S.S.R. 16-3p.  Because the case is remanded for the ALJ to readdress the medical opinions discussed *supra*, a new assessment of Plaintiff's subjective symptom statements will be necessary.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Plaintiff requests remand for reconsideration of the evidence.  On remand, the ALJ is instructed to conduct a new sequential analysis after reconsidering the medical and

ORDER - 19

psychological opinion evidence. The ALJ may develop the psychological record by obtaining a consultative or expert psychological opinion.

Accordingly,

1. Plaintiff's Motion for Summary Judgment, ECF No. 10, is GRANTED.

2. Defendant's Motion for Summary Judgment, ECF No. 11, is DENIED.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** October 10, 2023.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 20